[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The parties to this marriage were married in West Haven, Connecticut on May 10, 1985. They are the parents of two minor children, to wit: KEITH SEEFUS, JR., born December 15, 1987, and KRISTINA SEEFUS, born May 16, 1990, both of whom reside with their mother. The plaintiff wife is employed by SNET and earns approximately $40,000.00 per year. The defendant is employed as a cook at Chili's restaurant and earns, according to the testimony of the plaintiff; approximately $23,920.00. The parties are currently living separate and apart. The plaintiff testified that the parties have satisfactorily divided their personal property. The defendant did not appear.
 FINDINGS
The Court hereby makes the following findings:
1. That it has jurisdiction. CT Page 7507
2. That based upon the testimony of the plaintiff the defendant is not in the active military or naval service of the United States, in that he is a cook currently employed by Chili's Restaurant with an annual income of $23,920.00, based upon a wage of $11.50 per hour for a forty-hour week.
3. That the facts of the Complaint are proven and true, except that the date of the marriage was May 10, 1985, and the Complaint is hereby amended to reflect the correction.
4. That the marriage has broken down irretrievably.
5. That the presumptive weekly support obligation of the defendant based upon the Child Support Guidelines is $110.00.
6. That the parties have satisfactorily divided their personal property.
 ORDER
1. The marriage is hereby dissolved on the grounds of irretrievable breakdown, and that they are each hereby declared to be separate and unmarried.
2. The plaintiff wife shall have sole custody of the minor children, to wit: KEITH SEEFUS, JR., born December 15, 1987 and KRISTINA SEEFUS, born May 16, 1990, subject to the defendant's rights to reasonable, flexible, and liberal visitation. If the parties are unable to agree upon any issue regarding custody and visitation, they shall first bring the matter to the Family Relations Office for mediation.
3. Commencing June 23, 2000, the defendant shall pay to the plaintiff the sum of one dollar ($1.00) per year as and for periodic alimony until the death of either party, the remarriage of the plaintiff wife, or until July 1, 2002, whichever shall sooner occur.
4. Commencing June 23, 2000, and weekly thereafter, the defendant husband shall pay to the plaintiff, as and for child support for the minor children, the sum of $110.00 until such time as the oldest child shall reach the age of eighteen (18) years. After child support for the oldest child shall cease, support for the remaining child shall be determined in accordance with the then current Child Support Guidelines. The foregoing notwithstanding, if either child shall reach the age of eighteen (18) and still be a high school student, then, in that event, child support for such child shall continue until the first day of the first month following his or her graduation or until his or her nineteenth (19th) birthday, whichever CT Page 7508 shall sooner occur, pursuant to Section 46b-84 (b) C.G.S.
5. An immediate wage withholding order shall enter in order to secure the alimony and child support orders pursuant to Section 52-362 C.G.S.
6. Counsel for the plaintiff shall give notice of this Court's orders by sending the defendant a copy of this Memorandum of Decision by certified mail, or other verifiable means, and file proof of notice with this Court.
THE COURT
SHAY, J.